So Ordered.

Dated: February 4, 2022



_____
Rachel M. Blise
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

DEAN RICHARD VONGERMETEN,

Debtor.

Case No. 21-25409-rmb

Chapter 13

**ORDER GRANTING MOTION TO CONFIRM
TERMINATION OF THE AUTOMATIC STAY**

The debtor filed a chapter 13 petition on October 9, 2021. The debtor had another chapter 13 case pending within the year preceding the petition date in this case. *In re Vongermeten*, Case No. 20-25056 (Bankr. E.D. Wis.) That case was filed on July 22, 2020, and the court entered an order dismissing the case on March 12, 2021. *Id.* at Dkt. No. 120. Because the debtor had a case pending within the previous year that was dismissed, the automatic stay under 11 U.S.C. § 362(a) was limited by 11 U.S.C. § 362(c)(3).

Section 362(c)(3) provides that "the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case" unless the court extends the stay "after notice and a hearing completed before the expiration of the 30-day period." 11 U.S.C. § 362(c)(3)(A), (B). By its plain terms, the statute requires that a request to extend the stay must be filed within 30 days after the petition date. If no request is made and the

court does not order that the stay is extended, the stay automatically terminates on the 30th day. In this case, no party filed a motion to extend the stay before the 30th day after the petition date. Therefore, by operation of § 362(c)(3)(A), the stay terminated on November 8, 2021.

On January 25, 2022, creditor U.S. Bank National Association, not in its individual capacity but solely as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V ("U.S. Bank") filed a motion for an order confirming the termination of the stay.[1] (Dkt. No. 80.) Section 362(j) provides that "[o]n request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated." 11 U.S.C. § 362(j). The Court is therefore required to issue an order confirming that the automatic stay has been terminated.

The debtor filed two documents in response to U.S. Bank's motion. On January 25, 2022, the debtor filed a document titled "Grantor of Case #21-25409-RMB Notices the Trustee's To Reinstate Stay Based Upon Improper Proof-of-Service and Other Matters." (Dkt. No. 82.) Among other arguments made in the document, the debtor requests "reinstatement of the Stay based upon improper (absence of) notice of any need to file a continuance." (*Id.* at ¶ 1.) The Court has construed the document as a motion to reinstate the automatic stay.

The debtor cites no authority for his request to reinstate the automatic stay. The language of § 362(c)(3) is clear, and there is no provision that allows a bankruptcy court to reinstate the automatic stay after it has lapsed pursuant to § 362(c)(3)(A). If Congress had meant to allow bankruptcy courts to re-impose a stay after termination, it would have said so. *See, e.g.*, *In re Flynn*, 582 B.R. 25, 31 (1st Cir. 2018) ("[T]he bankruptcy court lacked discretion to extend the automatic stay under § 362(c)(3)(B).").

---

[1] U.S. Bank's counsel made an oral request for such an order at a hearing held on January 18, 2022. The Court directed U.S. Bank to make a written request and serve it on the parties in interest.

The debtor's only argument in favor of reinstatement seems to be that he did not receive notice that he needed to file a request to extend the stay. While it is understandable that the debtor was unaware of the strict time deadlines imposed by § 362(c)(3), this does not change the outcome. The stay terminated by operation of law and regardless of whether the debtor received notice. The debtor's pro se status does not entitle him to special notice of the content of statutes applicable to his case or excuse his failure to comply with statutory deadlines. *See, e.g.*, *Williams-Guice v. Bd. of Educ. of City of Chicago*, 45 F.3d 161, 164 (7th Cir. 1995) ("Even uncounseled litigants must act within the time provided by statutes and rules.").

On February 2, 2022, the debtor filed a "Response to Notice of Motion and Opportunity to Object," in which he objects to U.S. Bank's January 25 motion for an order confirming the termination of the automatic stay. (Dkt. No. 86.) In his objection, the debtor asserts that U.S. Bank and its counsel lack standing to request an order confirming termination of the stay and that the underlying debt claimed by U.S. Bank is not valid.

The debtor's contention that U.S. Bank and its counsel lack standing has no merit. Section 362(j) requires the Court to issue an order confirming termination of the automatic stay upon request by any "party in interest." 11 U.S.C. § 362(j). "'Party in interest' means 'anyone who has a legally protected interest that could be affected by a bankruptcy proceeding.'" *In re FBN Food Servs., Inc.*, 82 F.3d 1387, 1391 (7th Cir. 1996) (quoting *In re James Wilson Associates*, 965 F.2d 160, 169 (7th Cir.1992)). U.S. Bank satisfies that definition. It has a proof of claim that is deemed to be allowed pursuant to 11 U.S.C. § 502(a). U.S. Bank's counsel filed a notice of appearance indicating that he was retained to represent U.S. Bank as its attorney in this case. (Dkt. No. 72.) "An entry of appearance by an attorney for a party creates a presumption that such attorney has authority to act on behalf of such party, and the burden of

proving the contrary falls upon those who challenge the presumption." *Powerlock Sys., Inc. v. Duo-Lok, Inc.*, 56 F.R.D. 50, 51 (E.D. Wis. 1972). The debtor provides no reason for the Court to question counsel's authority to file a motion on U.S. Bank's behalf as its attorney.

The debtor's additional arguments regarding the validity of U.S. Bank's claim have no bearing on the motion before the Court. No objection to U.S. Bank's claim has been filed, so the claim is presently deemed to be allowed, making U.S. Bank a party in interest. *See* 11 U.S.C. § 502(a). The Court has no discretion to deny a motion under § 362(j) from a party in interest.

The debtor's objection to U.S. Bank's motion includes a complaint that the motion was served on him by regular mail, and the debtor argues that all notices "must be by certified or registered mail." (Dkt. No. 86.) To the contrary, the Federal Rules of Bankruptcy Procedure expressly permit service by regular mail. Bankruptcy Rule 9014 provides that motions should be served "in the manner provided for service of a summons and complaint by Rule 7004." Fed. R. Bankr. P. 9014(b). Bankruptcy Rule 7004 in turn provides that a debtor may be served "by first class mail postage prepaid . . . by mailing a copy of the summons and complaint to the debtor at the address shown in the petition." Fed. R. Bankr. P. 7004(b)(9). The debtor cites no authority that would entitle him to service other than that prescribed in the applicable rules.[2]

Accordingly, IT IS HEREBY ORDERED that U.S. Bank's motion to confirm termination of the automatic stay is GRANTED. The Court hereby confirms that the stay under 11 U.S.C. § 362(a) terminated on November 8, 2021 by operation of § 362(c)(3)(A).

# # # # #

---

[2] The debtor also complains in his objection that he "never received notice of lift of stay or the need to file a continuance by certified mail." (Dkt. No. 86.) For the reasons discussed above, the debtor was not entitled to notice of the need to file a request to extend the stay, by certified mail or otherwise.